IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO


CARLOS AMADOR, his wife IRMITA
GUZMAN and their conjugal partnership

    Plaintiffs

      vs.

PUERTO RICO SUN OIL COMPANY

    Defendant

CIVIL NO. 98-1190(PG)

---

IN THE UNITED COURT OF APPEALS
FOR THE FIRST CIRCUIT


CARLOS AMADOR, his wife IRMITA
GUZMAN and their conjugal partnership

    Plaintiffs

      vs.

PUERTO RICO SUN OIL COMPANY

    Defendant

CIVIL NO.

---

**NOTICE OF APPEAL
AND/OR
PETITION FOR WRIT OF MANDAMUS
TO THE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

CCA
6/14/00

2

TO THE HONORABLE COURT:

COMES NOW the defendant PUERTO RICO SUN OIL COMPANY (hereinafter "PRSOC") through its undersigned attorneys and respectfully states, alleges and prays:

## I. RELIEF SOUGHT

It is sought of this Honorable Court to set aside and/or reverse the opinion and order of the District Court for the District of Puerto Rico in the case of Carlos Amador, et all v. PRSOC, Civil No. 98-1190 (PG), filed on November 19, 1999 **(Exhibit 1)**, concerning which reconsideration was timely thought on December 3, 1999 **(Exhibit 2)** and was denied by notice given on May 15, 2000 **(Exhibit 3)**. It is also requested of the Court to make a specific finding that Plaintiffs' claims for breach of contracts under local law are preempted by ERISA[1].

The relief is thought under Rules 4 and/or 21 of the Federal Rules of Appellate Procedures.

## II. ISSUES PRESENTED

This case presents issues of preemption under the ERISA. PRSOC removed from the Superior Court of Puerto Rico to the Federal District Court for the District of Puerto Rico, Plaintiffs' claims for benefits under an ERISA plan offered by PRSOC's to its employees. Plaintiffs support their claims for said benefits in the alleged fact that initially

---

[1]        Employee Retirement Income Security Act of 1974, 29 USCA § 1144(a) ("ERISA") .

3

PRSOC's management mistakenly told Co-Plaintiff Carlos Amador ("Amador"), an employee of PRSOC at the time, that he qualified for the benefits under the PRSOC's ERISA plan and later refused to grant him the benefits provided therein. PRSOC filed a motion for summary judgement requesting the dismissal of Plaintiffs claims founded in case law that states that oral representations and promises cannot modify the clear terms of an ERISA plan. The District Court denied PRSOC's motion and ordered the case to be remanded to the state court. This is a case that requires the exercise of this Court supervisory power because of the importance of the issues involved. See, e.g., *Schlagenhauf v. Holder*, 379 U.S. 104, 111-12, 85 S. Ct. 234, 13 L.Ed. 2d 152 (1964); *La Buy v. Howes Leather Company*, 352 U.S. 249, 254-55, 77 S. Ct. 309, 1 L. Ed. 2d 290 (1957). *See generally Comment, Supervisory and Advisory Mandamus Under the All Writs Act, 86 Harv L. Rev 595 (1973).*

### III. RELEVANT FACTS

The findings of the District Court in refusing to dismiss the claims against PRSOC were, that Plaintiffs' cause of action did not "relate to" a benefit plan but rather was one for breach of contracts under state law. That "Plaintiffs' breach of contracts and tort claims do not require the pleading, proving, and finding of an ERISA plan." "That plaintiffs' have alleged a breach of contracts, separate and apart from Sun Oil's IT Plan." **(Exhibit 1)**

The findings of the District Court are clearly erroneous and constitute an abuse of discretion. Plaintiffs' claims are clearly related to PRSOC's benefit plan. By remanding the case to the state court, the purpose of the preemption in ERISA of eliminating the threat of conflicting or inconsistent State and local regulations of benefits plans, are ignored. Furthermore, it impedes the review of the District Court decision and leaves PRSOC

4

without an adequate remedy as to this issue since the local court will consider it barred. The reason being that the District Court findings disposed of the substantive preemption defense when stating that Plaintiffs' claim is one separate and apart from Sun Oil's IT Plan, a benefit plan.

This case is distinguishable from the one presented to this Court in Gonzalez-Garcia v. Williamson Dickie Mfg. Co., 99 F.3d 490 (1st Cir. 1996). In this case the District Court made an erroneous finding of fact in determining that Plaintiffs' claims were separated and apart from PRSOC's Benefit Plan. The local court may refuse to entertain PRSOC preemption defense on the basis of the principle of collateral estoppel by judgement.

The relevant facts in this case clearly indicates that Co-plaintiff,s claims are prompted by PRSOC denial to extend Amador the economic benefits of a benefit plan. Co-plaintiff Carlos Amador (hereinafter "Amador") was employed by Puerto Rico Sun Oil Company (hereinafter "PRSOC") for a period of twenty-five (25) years. In late 1996, PRSOC announced a reduction in the work force and distributed to its employees, including Amador, the highlights of an Involuntary Termination Plan that provided certain benefits including enhanced severance benefits, for employees holding positions to be eliminated in the restructured organization during 1997.

The position held by Amador at PROC was never eliminated, but Amador received a job offer from PCI Triline at the beginning of 1997. Amador was attracted to this position even though the compensation offered was not higher than the compensation he was receiving from PROC's pension plan equal to the amount he would have been entitled to if he had remained with PROC until his normal retirement age. Amador planned to use the severance benefits provided in the Involuntary Termination Plan by investing them wisely

5

to gain an amount equal to the pension annuity he would have received if he stayed with PROC until normal retirement age.

Amador's superior, Mr. José Morales (hereinafter "Morales"), attempted to accommodate co-plaintiff,s desire to become eligible to the Involuntary Termination Plan benefits and at some point informed co-plaintiff that it appeared that his wish could be granted. However, Morales cleared up any misunderstanding prior to Amador's voluntary resignation by informing Amador that his position could not be eliminated and that no other accommodation was possible in order for co-plaintiff to become eligible for the Involuntary Termination Plan benefits. Nevertheless, Amador persisted in his plans to leave PROC. to pursue what seemed to him like a brighter future in another company. He voluntarily and knowingly submitted a resignation from PROC on April 11, 1997.

PROC's Involuntary Termination Plan is a benefit plan covered by the Employee Retirement Income Security Act of 1974. The clear terms of an ERISA plan cannot be altered or modified by oral representations or promises. Therefore, Plaintiffs' claim is preempted by ERISA and should be dismissed for failure to state a claim upon which a relief may be granted.

## VI. FOUNDATION

The Employee Retirement Income Security Act of 1974, §514(a), 29 U.S.C.A. §1144(a) ('ERISA") preempts state law relating to employee benefit plans. ERISA preemption extends to benefits whose provision requires an ongoing administrative program to meet the employer's obligation under the plan. *Fort Halifax Packing v. Coyne,* 482 U.S. 1, 96 L.Ed 2d 1, 107 S.Ct. 2211 (1987).

6

An involuntary termination program which provides employees with salary and benefits continuation for a specified period of time is an ERISA plan. *Bellino v. Schlumberger Technologies, Inc.,* 944 F.2d 26, 29-30 (1st Cir. 1991).

The District Court finding that Plaintiffs' claims do not require the pleading, proving, and finding of an ERISA plan is misplaced and erroneous. Plaintiffs' claims are related to the existence of an ERISA benefit plan, the PRSOC Involuntary Termination Plan ('Sun Oil's IT Plan"). All of Plaintiffs' claims are grounded in the alleged misrepresentations of PRSOC's management that he could be eligible for the benefits provided therein. Necessarily, the existence of the 1996 Sun Oil's IT Plan is inseparable connected to any liability under state common law of breach of a contract as the result of the alleged misrepresentation. *Vartanian v. Monsanto Company*, 14 F.3d 697 (1st Cir. 1994). Plaintiffs' are claiming the 55 weeks of base salary offered to employees with 25 years of service in the enhanced severance benefits section of the 1996 Sun Oil's IT Plan.

Pursuant to the clear terms of PROC.'s Plan, Amador was ineligible to the Plan's benefits because he was not the subject of an involuntary termination. Actually, by Amador's own admissions he approached management to request Sun Oil's IT Plan in the belief that an exception could be made in his case because allegedly it had been made before.

Oral representations or promises cannot modify the clear terms of an ERISA plan. The provisions of the plan must govern because altering a benefit plan on the basis of non-plan documents and communications would undermine ERISA. *See Alday v. Container Corp. of America,* 906 F.2d 660, 665 (11th Cir. 1990), *Nachwalter v. Christie*, 805 F.2d 956

7

(11th Cir. 1986), *Moore v. Metropolitan Life Insurance Co.*, 856 F.2d 488, 489 (2d Cir. 1988 *quoted in McGann v. H & H Music Co.*, 946 F.2d 401, 407 (5th Cir. 1991).


## V.  CONCLUSION

In light of the above, it is respectfully submitted that this cause of action is preempted by ERISA.  The District Court findings to the contrary are erroneous and should be set aside or revoked.

**WHEREFORE,** it is respectfully requested from this Honorable Court that summary judgment be GRANTED and this cause of action be dismissed with prejudice.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this June 12, 2000.

**WE CERTIFY** that copy of this document was sent to attorney Carlos J. Quilichini, Esquire Bldg., Suite 300, Ponce de León Ave. and Vela Street, Hato Rey, P.R.  00918.


GOLDMAN ANTONETTI & CORDOVA
Attorneys for the Defendant
PO Box 70364
San Juan, PR  00936-0364
Tel. 759-8000, EXT. 2271
FAX 767-9333/767-8660


JORGE RODRIGUEZ MICHEO
USDC-PR NUMBER120204

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

CARLOS AMADOR, his wife IRMITA        *
GUZMAN and their Conjugal Partnership  *
                                       *
            Plaintiffs                 *
                                       *
        v.                             *        Civ. No. 98-1190 (PG)
                                       *
PUERTO RICO SUN OIL COMPANY            *
                                       *
            Defendants                 *
                                       *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *



## OPINION & ORDER

On December 11, 1997, Carlos Amador and his wife, Irmita Guzman, and their marital

partnership ("plaintiffs") commenced an action in the Court of First Instance, Humacao Part

Commonwealth of Puerto Rico, Civil No. HAC 97-0277. (Dkt. 1, exh. F) Puerto Rico Sun Oil

Company ("defendant" or "Sun Oil") removed the case to this court on February 24, 1998. (Dkt. 1

Defendant subsequently filed a Motion for Summary Judgment. (Dkt. 6) Plaintiff filed a Motion i

Opposition to Defendant's Motion for Summary Judgment. (Dkt. 8) After being given leave by th

Court, defendant filed it's Reply to plaintiff's opposition. (Dkt. 12)

I. FACTS

Carlos Amador worked for Sun Oil for twenty-five years, until he resigned by letter on April 11

1997. In late 1996, Sun Oil announced its intention to reduce its workforce. To accomplish thi

reduction, Sun Oil offered it employees, including Amador, an Involuntary Termination Plan ("I



AO 72A
(Rev.8/82)

Civ. No. 98-1190 (PG)

Plan") that provided certain benefits, like enhanced severance benefits. Sun Oil offered the IT Plan on

to employees holding positions to be eliminated in the restructuring of Sun Oil.

Around the beginning of December, employees received a letter setting forth Sun Oil's intenti

of restructuring and offering employees the opportunity to state their preference as to whether th

would like to terminate their employment with Sun Oil by accepting the terms of the IT Plan. Sun C

reserved the right in the letter, "at the sole discretion of management" (Dkt. 6, exh. C), to make the fir

decision on whether or not to grant the preference. Both parties agree that only employees who

employment was terminated due to the restructuring were eligible for the options under the IT Plan

The letter set a deadline of December 20, 1996 for employees to state their preference. Amad

received the letter, but chose not to respond because he was not planning on leaving Sun Oil at th

time.

Sometime in the early months of 1997, Amador received a job offer from PCI Triline. It w

at this time that Amador began informal talks about receiving pension funds with José Moral

Amador's superior at Sun Oil. Amador asked Morales for a package similar (if not the same) to wh

Sun Oil offered under the IT Plan, Morales spoke to James Johnson, Sun Oil's Human Resourc

Manager, and Sun Oil's lawyers in Philadelphia about the possibility of Amador receiving this packa

Morales informed Amador that Sun Oil agreed to accommodate Amador's wish. After receiving wo

that Sun Oil would give him the money he requested, Amador accepted the job with PCI Triline.

Some time later Morales left a voice mail message informing Amador, sometime prior t

Amador's April 11, 1997 resignation, that Sun Oil in fact could not accommodate him. Amador did n

Civ. No. 98-1190 (PG)                                                                                          3.

receive any money from Sun Oil. Amador's position was not eliminated; he could have remained

employed by Sun Oil.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is "a means of avoiding full-dress trials in unwinnable cases, thereby freeing

courts to utilize scarce judicial resources in more beneficial ways." *Messnick v. General Elec. Co.*, 950

F.2d 816, 822 (1st Cir. 1991), *cert. denied*, 504 U.S. 985 (1992). In essence, summary judgment should

be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that

the moving party is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c). *See also Celotex*

*Corp. v. Cattret*, 477 U.S. 317, 322 (1986). Therefore, the trial court must go beyond the façade of the

pleadings, and "assay the parties' proof in order to determine whether trial is actually required." *Wynne*

*v. Tufts Univ. Sch. of Med.*, 976 F.2d 791, 794 (1st Cir. 1992), *cert. denied*, 507 U.S. 1030 (1993).

Throughout the court's analysis, "the entire record [must be seen] in the light most hospitable to the

party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Griggs-*

*Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir. 1990). *See also Mullin v. Raytheon Co.*, 164 F.3d 696, 698

(1st Cir. 1999), *cert. denied* 1999 WL 296774 (Oct. 4, 1999); *Maldonado-Denis v. Castillo-Rodríguez*,

23 F. 3d 576, 581 (1st Cir. 1994).

In order to prevail on a motion for summary judgment, the moving party first must make a

preliminary showing that there is no genuine issue of material fact which requires resolution at trial.

*See Cadle Co. v Hayes*, 116 F.3d 957, 960 (1st Cir. 1997). Once the moving party has properly

Civ. No. 98-1190 (PG)

supported it's motion, "the burden shifts to the nonmovant to demonstrate, through specific facts, that a trialworthy issue remains." *Id. See also Borschow Hosp. & Med. Supplies, Inc. v. Cesar Castillo Inc.*, 96 F.3d 10, 14 (1st Cir. 1996).

## III.  PREEMPTION AND THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

The Employee Retirement Income Security Act, ("ERISA") contains "deliberately expansive" language and its' preemption clause is conspicuous for its breadth. *See Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138 (1990). *See id. See also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987). ERISA "supersede[s] any and all State laws insofar as they . . . relate to any employee benefit plan." 29 U.S.C.A. § 1144 (a).  A state law relates to an employee benefit plan "if it has a connection with or reference to such a plan." *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 8 (1987). "Under this 'broad common-sense meaning,' a state law may 'relate to' a benefit plan, and thereby be preempted, even if the law is not specifically designed to affect such plans, or the effect is only indirect." *Ingersoll-Rand Co.*, 498 U.S. at 139 (quoting *Pilot Life Ins. Co.*, 481 U.S. at 47). In this case, a crucial question is whether plaintiffs' state law claims "relate to" a benefit plan.

### A.    Do Plaintiffs' State Law Claims "Relate to" a Benefits Plan?

In *Ingersoll-Rand Co.*, the Supreme Court identified two tests for determining whether a cause of action "relates to" a benefits plan and is thus preempted by ERISA. *See Ingersoll Rand Co.*, 498 U.S. at 140-42; *Vartanian v. Monsanto Co.*, 14 F.3d 697, 700 (1st Cir. 1994).  The first test expressly preempts a law where "a plaintiff, in order to prevail, must plead, and the court must find, that a

Civ. No. 98-1190 (PG)

ERISA plan exists." *Vartanian v. Monsanto Co.*, 14 F.3d at 700 (citing *Ingersoll-Rand Co.*, 498 U.: at 140). In other words, when the court's inquiry must be directed to the plan, the cause of acti "relates to" an ERISA plan. The second test finds preemption when a cause of action dired conflicts with an ERISA cause of action. *Id.* (citing *Ingersoll-Rand Co.*, 498 U.S. at 142).

Plaintiffs' claims survive under *Ingersoll-Rand*'s first test, as they do not "relate to" an ERIS plan. Plaintiffs' breach of contract and tort claims do not require the pleading, proving and finding an ERISA benefits plan. There is still a cause of action if there is no plan. *See Vartanian v. Monsan Co.*, 14 F.3d at 700; *Ingersoll-Rand Co.*, 498 U.S at 140.

Plaintiffs' claims also survive under *Ingersoll-Rand*'s second test. The Court is at loss to s how Plaintiffs' claims conflict with defendant's IT Plan. Both sides agree that Amador did not quali for the plan, nor was he offered participation in the plan. Defendant's cite to *Carlo v. Reed Roll Thread Die Co.*, 49 F.3d 790, 793 (1st Cir. 1995), for support. Their reliance is misdirected. *Carr* stands for the proposition that a suit based on misrepresentation regarding the scope or existence benefits is preempted. *Carlo v. Reed Rolled Thread Die Co.*, 49 F.3d at 793. That is not the case her Plaintiffs have alleged a breach of contract, separate and apart from Sun Oil's IT Plan. [1]

In *De Buono v. NYSA-ILA Medical & Clinical Services Fund*, 520 U.S. 806, 814-15 (1997), t Supreme Court held that the law in question was "one of [a] 'myriad [of] state laws' of gener applicability that impose some burdens on the administration of ERISA plans but nevertheless do n

---

[1] Likewise, if Plaintiffs' claim was for extra-contractual damages arising out of defendant's denial of benefi ERISA would preempt Plaintiffs' claim. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 57 (1987); *Wickman Northwestern Nat. Ins. Co.*, 908 F.2d 1077, 1082 (1st Cir. 1990), *cert. denied*, 498 U.S. 1013 (1990) ("Under this secti a claimant's common law contract and torts claims asserting the improper processing of a claim for benefits under an ERI regulated insurance policy are pre-empted"); *Cintron Parilla v. Lilly del Caribe, Inc.*, 32 F. Supp. 2d 35, 37 (D.P.R. 1998

Civ. No. 98-1190 (PG)                                                                                    6

"relate to" them within the meaning of the governing statute." The Court in *De Buono* also wrote

"[n]or is it a case in which the existence of a pension plan is a critical element of a state law cause of

action." *Cf. Ingersoll-Rand Co.*, 498 U.S. at 139-40 ("We are not dealing here with a generally

applicable statute that makes no reference to, or indeed functions irrespective of, the existence of an

ERISA plan.... Here, the existence of a pension plan is a critical factor in establishing liability under

the State's wrongful discharge law. As a result, this cause of action relates not merely to pension

benefits, but to the essence of the pension plan itself").

　　　　This is not to say that Plaintiffs will prevail on their state laws claims; this is for a state court

to decide. However, ERISA does not preempt their efforts.


IV. CONCLUSION

　　　　For the reasons stated above, the Court DENIES Defendant's Motion for Summary Judgment.

Furthermore, because ERISA does not preempt Plaintiffs' state law claims, of which the Court has no

subject matter jurisdiction, the Plaintiffs' case is REMANDED to the Court of First Instance, Humacao

Part, Commonwealth of Puerto Rico, pursuant to 28 U.S.C. § 1447 (c).

　　　　**IT IS SO ORDERED**.

　　　　San Juan, Puerto Rico, November 15, 1999.


　　　　　　　　　　　　　　　　　　　　　　　　　*Juan M. Perez Gimenez*
　　　　　　　　　　　　　　　　　　　　　　　　　JUAN M. PEREZ-GIMENEZ
　　　　　　　　　　　　　　　　　　　　　　　　　U. S. District Judge

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

CARLOS AMADOR, ET AL.,           *
                                 *
        Plaintiffs               *
                                 *
    v.                           *        Civ. No. 98-1190(PG)
                                 *
PUERTO RICO SUN OIL COMPANY,     *
                                 *
        Defendant                *
-------------------------------*

## J U D G M E N T

The Court having remanded the case to the court of first instance, it is hereby

**ORDERED and ADJUDGED** that the instant action is **REMANDED** to the state court and the case is **CLOSED**.

San Juan, Puerto Rico, November _18_, 1999.

JUAN M. PEREZ-GIMENEZ
U. S. District Judge

RECEIVED & FILED
1999 NOV 19 AM 8 30
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.



AO 72A
(Rev. 8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARLOS AMADOR, his wife IRMITA
GUZMAN and their conjugal partnership

Plaintiffs

vs.                                                CIVIL NO. 98-1190(PG)

PUERTO RICO SUN OIL COMPANY

Defendant

---

## MOTION FOR RECONSIDERATION

TO THE HONORABLE COURT:

COMES NOW the defendant (hereinafter "PRSOC") through its undersigned attorneys and respectfully states, alleges and prays:

## I. INTRODUCTION

On November 15, 1999 the Honorable Court issued an Opinion & Order ordering this case be remanded to the state court.

We respectfully request that the Honorable Court reconsider its determination and retain jurisdiction due to the fact that the controversy in this case is preempted and governed by ERISA[1] provisions.

---

[1]    Employee Retirement Income Security Act ("ERISA").

-2-

## II.  CASE LAW

In the case of *Planas Pena v. Puerto Rico Telephone Co.*, 682 F.Supp. 10 (D.P.R. 1988), an employee's wife brought a breach of contract action against the employer and underwriter of an employer's group life policy. This Honorable Court held that breach of contract law clearly "relates to" plaintiff's ERISA plan under the very expansive, common-sense definition that "relates to" must be given in the context of ERISA Section 514(a).

In the case of *Macomber v. Digital Equipment Corporation,* 865 F.Supp. 65 (D.N.H. 1992), a former employee sought to recover unpaid severance benefits that were allegedly promised to him by his supervisor.  On employer's motion for summary judgment the court held that the severance program was an employee welfare benefit plan covered by ERISA and that ERISA preempted former employee's state law cause of action.

In the case *Padilla de Higginbotham v. Worth Publishers, Inc.*, 820 F.Supp. 48 (D.P.R. 1993), plaintiff alleged that he was unable to obtain disability benefits due to defendant's misrepresentations and negligent or intentional actions.  According to plaintiffs, the defendant's misrepresentations induced them not to apply for the benefits on a timely fashion which resulted in denial of benefits.  This Honorable Court held that the cause of action did not require the interpretation of the plan itself and, therefore, did not "relate to" and was not preempted by ERISA.

-3-

Note that the denial of benefits to plaintiff Carlos Amador resulted from an interpretation of the plan itself. Carlos Amador applied for the plan's benefits but did not qualify for them pursuant to the terms of the ERISA plan.

In the case of *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272 (6th Cir. 1991), plaintiffs were receiving medical care benefits even though they were not entitled to because plaintiff had ceased to be an employee for some time. When the medical plan administrator learned that plaintiff was no longer an employee it stopped providing medical benefits to the former employer. Plaintiff filed a cause of action alleging promissory estoppel, breach of contract, negligent misrepresentation, and breach of good faith. The court held that the action was preempted by ERISA because Congress intended that any complaint raising a claim to benefits under an employee benefit plan is necessarily federal in character.

## III. LEGAL ARGUMENT

The Honorable Court indicates in its Opinion and Order (Page 5) that plaintiffs' breach of contract and tort claims do not require the pleading, proving and finding of an ERISA benefits plan. However, plaintiff Carlos Amador admitted that he is seeking the enhanced severance payment provided in PRSOC's ERISA plan. Therefore, the defendant may invoke the application of ERISA provisions regardless of whether or not plaintiff frames his cause of action within the ERISA context.

As the cited case law establishes, if the controversy relates to ERISA plan benefits, the action is preempted by ERISA. In fact, the damages claimed in the complaint were computed,

-4-

according to plaintiff Carlos Amador's admission, based on the tables contained in PRSOC's

ERISA plan. Plaintiff Carlos Amador was offered participation in the plan but he did not qualify

because finally his position was not eliminated. Had it been eliminated, Carlos Amador would

have qualified for the plan benefits. All it takes for ERISA provisions to apply is that the

remedy sought be the benefits offered in an ERISA plan. In fact, this controversy is before this

court precisely because of the existence of an ERISA plan. Preemption is not predicated on

whether or not plaintiff is required to plead and prove the existence of an ERISA plan but

whether or not the claim is "related to" an ERISA plan. It is uncontested that this claim relates

to an ERISA plan because the remedy sought by plaintiff is the enhanced severance payment of

PRSOC's ERISA plan.

Carlos Amador admitted under oath that his conversations with his former supervisor

(which give rise to this action) were always directed towards the plan benefits. He also admitted

that his former supervisor always made reference to the plan package during their conversations.[2]

---

[2]    Exhibit IV of Defendant's Reply to Opposition to Motion for Summary Judgment, Page 22 of
Plaintiff Carlos Amador's deposition:

        Q.    He (José Morales) said you don't qualify for what?

        A.    You don't qualify for the base package as it has been laid down originally.

        Q.    So it seems to me that he was referring to the package all along.

        A.    Oh, he was.

        Q.    - this package.

        A.    I'm sure he was. I have no doubt.

-5-

Once Carlos Amador learned he did not qualify for the plan package he resorted to a breach of contract argument to obtain the funds for which he did not qualify pursuant to an interpretation of the plan itself.

Breach of contract law clearly "relates to" plaintiff's ERISA plan under the very expansive, common-sense definition that "relates to" must be given in the context of ERISA Section 514(a) as ruled by this Honorable Court in *Planas Pena v. Puerto Rico Telephone Co.*, supra. The controversy in this case is over the enhanced severance benefits offered in PRSOC's ERISA plan. Pursuant to case law interpreting ERISA, misrepresentations from a supervisor who is not the plan administrator cannot alter or modify the written plan documents. *See Wise v. El Paso Natural Gas Company, 986 F.2d 929 (5th Cir. 1993); Alday v. Container Corp. of America, 906 F.2d 660, 665 (11th Cir. 1990); Nachwalter v. Christie, 805 F.2d 956 (11th Cir. 1986); Moore v. Metropolitan Life Insurance Co., 856 F.2d 488, 489 (2d Cir. 1988 quoted in McGann v. H.&.H. Music Co., 946 F.2d 407 (5th Cir. 1991).*

## IV. CONCLUSION

Carlos Amador attempts through this action to obtain the benefits of an ERISA plan even though he did not qualify for them pursuant to the terms of the plan. It is uncontested that the damages claimed by Carlos Amador are the funds he would have received had he qualified for the plan benefits. Carlos Amador's supervisor believed at some point that Carlos Amador's position could be eliminated in order to have Amador qualify for the plan benefits but, after consultation with the plan's administrator, it was clear that Amador did not qualify for the

-6-

benefits.  The denial of benefits to Amador was based on an interpretation of the plan itself.

Therefore, this is a claim preempted by ERISA and this court has jurisdiction to entertain this

cause of action.

WHEREFORE, we respectfully request that the Honorable Court retain jurisdiction and

this case not be remanded to state court.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 2d  day of December, 1999.

WE CERTIFY that copy of this Motion was sent by regular mail to attorney Carlos J.
Quilichini, Esquire Bldg., Suite 300, Ponce de León Ave. and Vela Street, Hato Rey, P.R.
00918.

GOLDMAN ANTONETTI & CORDOVA
P.O. Box 70364
San Juan, PR 00936-0364
Tel. 759-8000 ext.  2271


JORGE RODRIGUEZ MICHEO
USDC-P.R. NUMBER 120204


AIDA BARRIOS CASTELLANOS
USDC-P.R. NUMBER 212205

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARLOS AMADOR, his wife IRMITA
GUZMAN and their conjugal partnership

Plaintiffs

CIVIL NO. 98-1190(PG)

vs.

PUERTO RICO SUN OIL COMPANY

Defendant

## MOTION FOR RECONSIDERATION

TO THE HONORABLE COURT:

COMES NOW the defendant (hereinafter "PRSOC") through its undersigned attorney and respectfully states, alleges and prays:

### I. INTRODUCTION

On November 15, 1999 the Honorable Court issued an Opinion & Order ordering case be remanded to the state court.

We respectfully request that the Honorable Court reconsider its determination and jurisdiction due to the fact that the controversy in this case is preempted and governed ERISA[1] provisions.

---

[1]    Employee Retirement Income Security Act ("ERISA").

3:98-cv-01190

Jorge Rodriguez-Micheo, Esq.                    ct
Goldman Antonetti & Cordova
PO Box 70364
San Juan, PR  00936-8364

-------------------------------